| | | |
|---|---|---|
| **COREY SCOTT** | * | **NO. 2020-CA-0136** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **ENTERGY LOUISIANA, LLC, ENTERGY CORPORATION, ENTERGY NEW ORLEANS, INC., CURTIS JOHNSON, COCO-COLA REFRESHMENTS USA, INC., GREENWICH INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |
| | ******* | |

**BELSOME, J., CONCURS WITH REASONS**

I concur in the majority's opinion to affirm the trial court's judgment granting a directed verdict in favor of Cox. Legal sufficiency of the evidence challenges, such as those presented by motions for directed verdict, are subject to the *de novo* standard of review that is used for all legal issues. *Hall v. Folger Coffee Co.,* 03-1734, p.10 (La. 4/14/04), 874 So. 2d 90, 99. When a trial court considers the evidence in the light most favorable to the party opposed to the motion for directed verdict, and finds that it points so strongly and overwhelmingly in favor of the moving party that reasonable minds could not arrive at a contrary verdict on that issue, the directed verdict should be granted. *Pennington v. Ochsner Clinic Found.*, 17-0647, p. 5 (La. App. 4 Cir. 4/25/18), 245 So.3d 58, 62, *reh'g denied* (5/08/18), *writ denied*, 18-1034 (La. 10/8/18), 253 So.3d 791, and *writ denied*, 2018-1020 (La. 10/8/18), 253 So.3d 801.

In its cross-claim, Entergy alleges that Cox is liable for damages caused by its defective line, pursuant to La. C.C. art. 2317.1.[1] As discussed by the majority,

---

[1] The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

1

there was no evidence presented at trial concerning Cox's knowledge of the condition of the line. Given that Entergy did not establish all of the elements set forth under La. C.C. art 2317.1,particularly the knowledge element, reasonable persons could not reach a contrary verdict. As such, the trial court did not err in granting a directed verdict in favor of Cox. For these reasons, I concur in the majority's opinion to affirm the trial court's judgment.

2